# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | |
|    **Ashley J. Jones** | ) | |
|    SSN: xxx-xx-4542 | ) | **Case No. 19-00547-DSC** |
| | ) | |
|    **Debtor** | ) | **Chapter 13** |
| | ) | |

## APPLICATION FOR ATTORNEY FEES AND EXPENSES

### COVER SHEET

1. Name of Applicant:                                             W. Alan Duke, Jr.

2. Date Application for Employment was filed:                May 1, 2019

3. Date of Order Authorizing Employment:                   May 2, 2019

4. Professional Services Provided to:                     Debtor, Ashley J. Jones

5. Period for Which Compensation is Sought:           02/2/2018 – 07/07/2021

6. Amount of Compensation Sought:                         $0.00 - Waived

7. Amount of Expenses Sought:                                   $2,437.84

8. This is a Final Application.

DATED:     July 7, 2021

                                                    /s/ W. Alan Duke, Jr.
                                                    W. ALAN DUKE, JR.
                                                    Special Counsel for the Debtor

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | |
|    **Ashley J. Jones** | ) | |
|    SSN: xxx-xx-4542 | ) | **Case No. 19-00547-DSC** |
| | ) | |
|    **Debtor** | ) | **Chapter 13** |
| | ) | |

## APPLICATION FOR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTOR

COMES NOW, W. Alan Duke, Jr. ("Applicant"), as Special Attorney for the Debtor, in the above-style bankruptcy case, and as Applicant and in support of his Application for Compensation and Reimbursement of Expenses, states the following:

1. The Debtor filed a Voluntary Petition for Relief with this Court under Chapter 13 of Title 11 of the United States Code on February 12, 2019.

2. Bradford W. Carraway is the duly appointed Trustee of the above-styled case.

3. This Application is brought pursuant to Title 11 of the United States Code Sections 300, 331, and 503 and Rules 2016 and 2002 of the Federal Rules of Bankruptcy Procedure.

4. The Applicant has served as Special Counsel to the Debtor pursuant to this Court's Order entered May 2, 2019, approving the employment of the Applicant.

5. The Applicant seeks allowance for reimbursement of actual and necessary costs and expenses incurred by Applicant in the course of his employment.

6. Although Applicant was employed on a one-third (1/3) contingency fee basis of the amount collected in the Debtor's underlying personal injury litigation, the **Applicant is waiving compensation for professional services**.

7. All services of the Applicant for which reimbursement of expenses is requested were performed and on behalf of the Debtor.

8. The Applicant has not received any payments or promises for payment from any source in connection with this case, except as a promise by the Debtor to pay Applicant's contingency fee and to reimburse for expenses incurred, subject to this Court's approval upon application submitted by Applicant.

9. The Applicant has not shared or entered into any agreement for sharing compensation received by the Applicant for services performed in these proceeding from any person or entity.

10. This application is submitted pursuant to the standard set forth in the following cases: Grant v. George Schurmann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990); Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1291 (11lh Cir. 1988); Matter of U.S. Golf Corp., 639 F.2d 1197 (5th Cir. 1981); Matter of First Colonial Corp. of America, 544 F. 2d 1291 (5th Cir. 1977); Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714 (5th Cir. 1974).

11. In determining the allowance of attorney's fees and reimbursement of expenses under the Bankruptcy Code and the above cited decisions, the Court must consider the following:

a. <u>The nature and extent of the services rendered</u>: Attorney W. Alan Duke, Jr. was responsible for the litigation and settlement of the underlying personal injury lawsuit.

b. <u>Value of Services</u>: The total settlement of the underlying personal injury litigation was $15,000.00, based on the efforts of the Applicant. An objective estimate of the value of the services of Applicant is determined by the fees other attorneys normally charge for this type of work. Applicant's original contingency fee rate is neither more nor less than the rate received by attorneys with comparable skill and experience in both bankruptcy and non-bankruptcy matters.

c. <u>Johnson Factors</u>[1]

   i. <u>Time and Labor Required</u>: The Applicant litigated the underlying case for approximately 38 months (although a substantial portion of that time was due to delays caused by COVID-19).

   ii. <u>The Novelty and Difficulty of the Questions Presented by the Case</u>: There were no particular novel issues, but liability was hotly contested.

   iii. <u>Skills Requisite to Perform the Services Properly</u>: The entirety of the work performed for the Debtor in this matter to date as

---

[1] A determination of the reasonableness of the rate and hours submitted involves consideration of the twelve (12) factors outlined in <u>Johnson v. Georgia Highway</u> <u>Express, Inc.</u>, supra.

reflected in the Application has been performed by W. Alan Duke, Jr., who has been an attorney for more than 10 years.

iv. <u>The Preclusion of Other Employment by Acceptance of this Employment</u>: The representation by the Applicant of the Debtor in this matter has not precluded the Applicant from performing other work requirements.

v. <u>Customary Fees for Work in the Community</u>: The fees charged for services rendered by the Applicant are customary and usual in the legal community where the Applicant practices and where this case was commenced. The contingency fee rate is customarily charged to other clients for similar legal services during the period of time involved.

vi. <u>Contingent Nature of Fees</u>: As in all bankruptcy case, fees for professional persons employed are subject to Court approval and the availability of funds in the Debtor's estate and are in that sense contingent. However, further on this case the Applicant's fees were totally contingent.

vii. <u>Time Limitation Imposed by the Client or the Circumstances</u>: There have not been any undue time restraints or limitation imposed by the Client of the circumstances upon the Applicants with respect to work performed by Applicant in this matter.

viii. <u>Amount involved and Results Obtained</u>: The result of the efforts of the Applicant are $15,000.00.

ix. <u>Experience, Reputation and Ability of Attorney</u>: Your Applicant has been a practicing attorney in Alabama for more than 10 years, the majority of which time he has spent prosecuting personal injury matters in both state and federal courts, such as was the subject of this lawsuit.

x. <u>The Nature and Length of the Professional Relationship of the Client</u>: The Applicant has not represented the Debtor in matters other than the underlying lawsuit.

xi. <u>The Undesirability of this Case</u>: Applicant does not consider this case to be "undesirable" except to the extent that it precludes the Applicant from other employment given the fact that fees are contingent and it further requires Court approval. To the extent that it touches upon the undesirability factor, Applicant states that the disputed nature of liability in the case was compounded by other factors, including a limitation of recoverable damages, such that settlement prior to trial was in the best interest of Debtor.

xii. <u>Awards in Similar Cases</u>: Applicant has devoted a significant but reasonable amount of time thus far in the work which he was hired to perform; and therefore, avers the reimbursement of his actual expenses incurred, is a fair and reasonable award of expenses, and is in the range of awards in similar proceedings.

WHEREFORE, PREMISES CONSIDERED, Applicant requests this Court to enter an Order approving this Final Application for compensation and Reimbursement of Expenses by W. Alan Duke, Jr., Special Attorney for the Debtor as follows:

1. Award Applicant W. Alan Duke, Jr. and the law firm of Belt & Bruner PC $2,437.84 reimbursement of out-of-pocket expenses;

2. Applicant requests such further, other, and additional relief as the Court deems just and proper.

**VERFIED STATEMENT**

I have read the above and foregoing Application. As required by Federal Bankruptcy Rule of Procedure 2014(a), and in accordance with the Federal Bankruptcy Rule or Procedure 901l(b) and Title 28 United States Code Section 1746, I declare under penalty of perjury that the statement there made with reference to me and my professional associates are true and correct.

Dated this the 7th day of July, 2021.

/s/ W. Alan Duke, Jr.
W. ALAN DUKE, JR.
Special Counsel for the Debtor

OF COUNSEL:
Belt & Bruner, P.C.
880 Montclair Road
Suite 300
Birmingham, AL 35213

## Certificate of Service

I hereby certify that, on this the 7th day of July 2021, I served a true and correct copy of the foregoing documents as follows:

By CM/ECF: Bankruptcy Counsel
Chapter 13 Standing Trusteee
Bankruptcy Administrator
All Other Parties of Record

/s/ W. Alan Duke, Jr.
W. ALAN DUKE, JR.
Special Counsel for the Debtor